UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Anthony K. Anderson,

    Plaintiff

v.

James G. Cox, et al.,

    Defendants

2:15-cv-02504-JAD-PAL

**Order Denying Motion to Reconsider**

[ECF No. 3]

    On May 17, 2016, I denied Anderson's application to proceed *in forma pauperis* because Anderson has "three strikes" and does not allege facts to show that he is in imminent danger of serious physical injury.[1] I directed Anderson to pay the $400.00 filing fee in full by June 17, 2016, if he wishes to proceed with this action.[2] Anderson requests that I reconsider that order.[3] He asserts that he has only two strikes and that he is in imminent danger of serious physical injury.[4]

    A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[5] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[6] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon

---

[1] ECF No. 3 at 1–2.

[2] *Id.* at 2.

[3] ECF No. 4.

[4] *Id.* at 2–9.

[5] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[6] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

which the court already has ruled."[7]

Anderson has provided no valid reason for me to revisit my previous ruling. First, Anderson does have three strikes. A plaintiff may obtain a strike if a district court dismisses his action as frivolous or malicious or for failure to state a claim. A plaintiff may obtain a second strike in that same case if he appeals the district court's dismissal order and the appellate court also dismisses the appeal as frivolous or malicious or for failure to state a claim.[8] Anderson has filed two actions in this district that were dismissed as frivolous and for failure to state a claim. Anderson appealed one of those dismissals to the Ninth Circuit, which the panel dismissed as not having been brought in good faith.[9]

I also see no reason to revisit my conclusion that Anderson does not qualify for the imminent-danger exception to the three-strikes rule. Anderson alleges that defendants refused to provide "adequate and timely health care" from March 2012–December 25, 2015. None of Anderson's allegations show that he is in imminent danger of serious physical injury as is required to grant him pauper status in light of his three strikes.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Anderson's motion for reconsideration [ECF No. 3] is DENIED.** If Anderson wishes to proceed in this action, he must pay the $400.00 filing fee in full by June 24, 2016. If Anderson fails to pay the full filing fee by this deadline, this action will be dismissed without prejudice and without further notice.

Dated June 9th, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[7] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[8] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015).

[9] *See Anderson v. Cox, et al.*, 2:13-cv-02334-JCM-PAL (dismissed by district court as frivolous and for failure to state a claim; court of appeals certified that appeal was not made in good faith and dismissed it); *Anderson v. Eighth District Court, et al.*, 2:14-cv-01610-APG-CWH (dismissed by district court for failure to state a claim).